UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLY PAZ[1]<br>c/o Mark S. Zaid, P.C.<br>1250 Connecticut Avenue, NW<br>Suite 700 – PMB 5287<br>Washington, D.C. 20036<br><br>  Plaintiff,<br><br>  v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>  and<br><br>DEPARTMENT OF TREASURY<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220<br><br>  Defendants. | Civil Action No: 25-3256 |

## COMPLAINT

Plaintiff Holly Paz ("Ms. Paz") brings this action against the Internal Revenue Service ("Defendant IRS") and its parent agency the Department of Treasury ("Defendant Treasury")(collectively "Defendants") for the purposes of seeking declaratory relief as well as damages pursuant to the Privacy Act, 5 U.S.C. § 552a et seq., the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

Ms. Paz is the subject of an intentional vindictive, retaliatory undertaking by officials employed by the Defendants who are unlawfully leaking information retrieved from her

---

[1] Pursuant to LCvR 5.1(c)(1), as revised March 23, 2022, the Plaintiff's home address is being filed under seal with the Court in a separate Notice of Filing.

Privacy Act Systems of Records to third parties, to include the media. This behavior is the epitome of the unprofessionalism that has permeated the current leadership at the Defendants.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. §§ 552a(g) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in this District under 5 U.S.C. §§ 552a(g)(5) and 28 U.S.C. § 1391.

## PARTIES

3. Ms. Paz assumed the role of IRS Commissioner of Large Business and International Division on an acting basis in August 2022 and was permanently selected for the position in July 2023. Prior to her current position, Ms. Paz served as the Deputy Commissioner for the division beginning in May of 2021. She has worked at the IRS for over eighteen years and became a member of the Senior Executive Service in 2013. Over the course of her career, Ms. Paz has regularly been promoted to positions of higher leadership under IRS Commissioners appointed by both Republican and Democratic administrations, and has consistently received top performance evaluations, including during her time as Commissioner of the Large Business & International Division.

4. Defendant IRS is an agency of the United States as defined by 5 U.S.C. §§ 552a(a), (e), and subject to the jurisdiction of this Court. One or more employees of the IRS are responsible for the unlawful actions taken against Ms. Paz.

5. Defendant Treasury is an agency of the United States as defined by 5 U.S.C. §§ 552a(a), (e), and subject to the jurisdiction of this Court. Treasury is responsible for the actions of its component Defendant IRS. Additionally, the Secretary of the Treasury Scott Bessant also serves as the Acting IRS Commissioner.

**FACTS**

6. On or about July 29, 2025, Defendant IRS placed Ms. Paz on paid administrative leave. No reason was provided for this action.

7. On or about September 2, 2025, Defendant IRS issued a Notice of Proposed Adverse Action ("Proposal") to Ms. Paz that proposes to remove her from federal service "in order to promote the efficiency of the Service." Defendant IRS is relying upon allegations that date back nearly two decades and involve matters that had been previously investigated and resolved in her favor. By the very nature of the title of this document, this is a proposed action that does not presently modify Ms. Paz's status with Defendant IRS. She remains fully employed, though still on administrative leave, while this administrative disciplinary process continues.

8. By e-mail sent at 9:00 am EDT on Tuesday, September 9, 2025, Defendant IRS granted Ms. Paz until on or before October 17, 2025, to submit her written response to the Proposal. Per her request, Defendant IRS has also granted Ms. Paz the opportunity to respond to the Proposal in an oral reply, the date of which has not yet been set.

9. Notwithstanding the above, *FoxNews.com* published an article written by reporter Brooke Singman at 11:28 am EDT (updated 11:58 am EDT) on Tuesday, September 9, 2025, with the headline: "IRS fires top aide linked to Obama-era Tea Party targeting scandal". The article went on to falsely state that "Sources told Fox News Digital that

Holly Paz, who served as the IRS Commissioner of Large Business and International Division, was terminated Monday [September 8, 2025]." Ms. Singman further noted that Ms. Paz had been "subsequently fired following an internal review, sources say."

10. The *FoxNews.com* false reporting was echoed by the *Washington Examiner* in an article with the headline "IRS aide Holly Paz fired after review of her targeting conservative organizations," which was written by David Zimmermann and posted online at 3:12 pm EDT on September 9, 2025.

11. Upon being notified that Ms. Paz had, in fact, not been terminated from her employment, *FoxNews.com* edited its story at 8:10 pm EDT on September 9, 2025, so that its headline now reads "IRS issues termination notice to top aide linked to Obama-era Tea Party targeting scandal" with a sub-headline: "Sources say Holly Paz was given a notice of proposed removal by her IRS supervisor Monday after being placed on administrative leave". Beyond the many factual errors in the revised article, Ms. Singman further noted that "Sources told Fox News Digital that Paz, who served as the IRS Commissioner of the Large Business and International Division, received the notice on Monday." The *Washington Examiner* similarly modified its headline to read "IRS official Holly Paz proposed for removal after review of her targeting conservative organizations".

12. By e-mail sent at 1:53 pm EDT on September 10, 2025, Defendant IRS confirmed to the undersigned counsel that "Ms. Paz has not been fired. Currently, she is a federal employee on administrative leave; the Agency has proposed her removal and she is currently in the advance notice period."

13. The unlawful disclosure of Ms. Paz's false termination and then proposed firing was not the first time the Defendants sought to smear her name by retrieving information from one or more of her Privacy Act Systems of Records and then disclosing it to unauthorized individuals. On July 29, 2025, at 8:52 pm EDT, Ms. Paz was notified by Defendant IRS she was being placed on administrative leave. No reason was given for this action. Not even an hour later, at 9:38 pm EDT, Bloomberg Tax, in an article entitled "IRS Heads of Large Business Unit, Tax Pro Oversight Put on Leave," reported this personnel action had taken place "according to a person familiar with the situation." The article further indicated that Ms. Paz and a colleague "were put on leave while the IRS investigates their conduct against Republicans, the source said, adding that the leave doesn't mean they are fired."

14. Information concerning Ms. Paz's employment, to include proposed adverse actions or final disciplinary decisions, is maintained within one or more Systems of Records maintained by the Defendants. The information contained in the articles by *FoxNews.com* and repeated by the *Washington Examiner* relied upon information identifiable to Ms. Paz and retrieved from one or more Privacy Act Systems of Records.

## FIRST CAUSE OF ACTION
## PRIVACY ACT – 5 U.S.C. § 552a(b), (g)

15. Ms. Paz repeats and realleges the allegations contained in paragraphs 6 through 14 above, inclusive.

16. Pursuant to 5 U.S.C. § 552a(b), no agency shall disclose any record which is contained in a system of records by any means of communications to any person, or to another agency, without prior written consent of the individual to whom the record pertains, with certain enumerated exceptions.

5

17. There is no exception that permitted Defendants IRS/Treasury to retrieve and then disseminate Privacy Act-protected information concerning Ms. Paz, particularly that of her being placed on administrative leave and proposed termination, to the news media and/or other unauthorized third parties.

18. Ms. Paz never provided Defendants IRS/Treasury with written (or verbal) consent to disseminate any information retrieved from one or more Systems of Records that was identifiable to her.

19. Pursuant to 5 U.S.C. § 552a(g)(1), Ms. Paz may bring a civil action against Defendants IRS/Treasury for the unauthorized dissemination of information contained in a system of records.

20. Pursuant to 5 U.S.C. § 552a(g)(4), Ms. Paz is entitled to monetary damages in an amount not less than $1,000, due to the intentional and willful dissemination of information by Defendants IRS/Treasury to the media and/or elsewhere in violation of 5 U.S.C. § 552a(b).

**SECOND CAUSE OF ACTION**
**PRIVACY ACT – 5 U.S.C. § 552a(e)(6)**

21. Ms. Paz repeats and realleges the allegations contained in paragraphs 6 through 14 above, inclusive.

22. Defendants IRS/Treasury maintain records within one or more Privacy Act Systems of Records that pertain to Ms. Paz.

23. Prior to disseminating records about Ms. Paz, Defendants IRS/Treasury failed to make reasonable efforts to assure that such records are accurate, complete, timely, and relevant for agency purposes and thereby violated 5 U.S.C. § 552a(e)(6). Specifically, Defendants IRS/Treasury failed to ensure those records accurately reflected only that

Ms. Paz had been proposed for termination, not that she had in fact already been terminated.

24. Defendants IRS/Treasury, their employees and officers, knew or should have known that their actions were improper, unlawful and/or in violation of the Privacy Act.

25. Defendants IRS/Treasury, their employees and officers, acted intentionally or willfully in violation of Ms. Paz' privacy rights.

26. As a result of the Defendants IRS/Treasury's violations of the Privacy Act, Ms. Paz has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

## THIRD CAUSE OF ACTION
## DECLARATORY JUDGMENT ACT – 28 U.S.C. §§ 2201 and 2202

27. Ms. Paz repeats and realleges the allegations contained in paragraphs 6 through 14 above, inclusive.

28. Ms. Paz is entitled to declaratory relief on the basis of all claims identified. There is a substantial and ongoing controversy between Ms. Paz and the Defendants, and a declaration of rights under the Declaratory Judgment Act is both necessary and appropriate to establish that the Defendants did not have authority to disclose privacy protected information publicly about her, particularly with an intent to harm her career and professional reputation.

29. Ms. Paz has suffered adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities.

WHEREFORE, Plaintiff Holly Paz requests that the Court award her the following relief:

(1) A declaration that Defendants IRS/Treasury's actions violated 5 U.S.C. §§ 552a(b) and/or (e)(6), and for each provision award monetary damages of not less than $1,000, the specific amount of which is to be determined at an evidentiary hearing;

(2) Award of the costs of this action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law; and,

(3) grant such other relief as the Court may deem just and proper.

Date:   September 18, 2025

                Respectfully submitted,

                *s/ Bradley P. Moss*
                _____
                Bradley P. Moss, Esq.
                D.C. Bar #975905
                Mark S. Zaid, Esq.
                D.C. Bar #440532
                Mark S. Zaid, P.C.
                1250 Connecticut Avenue, N.W.
                Suite 700 – PMB 5287
                Washington, D.C. 20036
                (202) 907-7945
                Brad@MarkZaid.com
                Mark@MarkZaid.com

                Attorneys for Plaintiff