IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLY PAZ,<br><br>                                    *Plaintiff*,<br><br>        v.<br><br>INTERNAL REVENUE SERVICE<br>1111 Constitution Avenue, N.W.<br>Washington, D.C. 20224<br><br>        and<br><br>DEPARTMENT OF TREASURY,<br>1500 Pennsylvania Avenue, N.W.<br>Washington, D.C. 20220<br><br>                                    *Defendants*. | Case No. 1:25-cv-03256 |

**PRE-MOTION STATEMENT OF DEFENDANTS**

      This pre-motion Statement is respectfully submitted in support of Defendants' anticipated motion seeking full dismissal of the Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Plaintiff fails to plead the elements of a claim for monetary damages under the Privacy Act. The Complaint should therefore be dismissed.[1]

**BACKGROUND**[2]

      Plaintiff Holly Paz is an employee of defendant Internal Revenue Service ("IRS") who, according to the Complaint, was placed on paid administrative leave on July 29, 2025. Dkt. 1 ¶ 6. On September 2, 2025, the IRS issued a Notice of Proposed Adverse Action proposing removal

---

[1] This submission is timely under this Court's Standing Order 25-59 (Nov. 13, 2025).

[2] The factual background is derived from the Complaint. Dkt. 1.

from federal service. Dkt. 1 ¶ 7. Plaintiff alleges that unidentified "officials employed by the Defendants" disclosed information concerning her employment status to three media outlets. Dkt. 1 at 1; *id.* ¶¶ 9-13.

*First*, on July 29, 2025, *Bloomberg Tax* reported that Plaintiff and a colleague were "'put on leave'" and "'that the leave doesn't mean they are fired.'" Dkt. 1 ¶ 13. The Complaint does not disclose whether Plaintiff sought any correction or retraction of this article.

*Second*, on September 9, 2025, *FoxNews.com* "falsely state[d]" that Plaintiff was "'fired following an internal review.'" Dkt. 1 ¶ 9. Later that same day, *FoxNews.com* corrected its report and stated: "'Holly Paz was given a notice of proposed removal by her IRS supervisor Monday after being placed on administrative leave.'" Dkt. 1 ¶ 11.

*Third*, on September 9, 2025, the *Washington Examiner* reported: "'IRS aide Holly Paz fired after review of her targeting conservative organizations.'" Dkt. 1 ¶ 10. The *Washington Examiner* corrected its report to state: "'IRS official Holly Paz proposed for removal after review of her targeting conservative organizations.'" Dkt. 1 ¶ 11.

As alleged by Plaintiff, the IRS cooperated with Plaintiff's counsel:

> By e-mail sent at 1:53 pm EDT on September 10, 2025, Defendant IRS confirmed to the [plaintiff's] undersigned counsel that "Ms. Paz has not been fired. Currently, she is a federal employee on administrative leave; the Agency has proposed her removal and she is currently in the advance notice period."

Dkt. 1 ¶ 12.

In this action, Plaintiff seeks "monetary damages" under 5 U.S.C. § 552a(g)(4). Dkt. 1 ¶ 20 (Count I). Count I alleges that Defendants violated 5 U.S.C. § 552a(b) by disclosure of information concerning Plaintiff's "administrative leave and proposed termination." Dkt. 1 ¶ 17. Count II alleges that Defendants violated 5 U.S.C. § 552a(e)(6) by failing to make reasonable

efforts to assure that unspecified "records" were "accurate, complete, timely, and relevant." Dkt. 1 ¶ 23.  Count III seeks declaratory relief.  Dkt. 1 ¶ 28.

## BASIS FOR THE ANTICIPATED MOTION

Under the Privacy Act, a plaintiff seeking monetary damages must allege, *inter alia*, that the individual sustained (1) "actual damages" (2) "as a result of the refusal or failure" of the agency (3) where the agency "acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4)(A).  Plaintiff has not alleged these elements.

**Actual Damages**. The term "'actual damages' [is] limited to proven pecuniary or economic harm." *FAA v. Cooper*, 566 U.S. 284, 299 (2012).  Under the Privacy Act, the federal government's sovereign immunity is waived only for "special damages for proven pecuniary loss." *Cooper*, 566 U.S. at 298. Because "actual damages" are "special damages," "vague and conclusory" allegations of harm are insufficient to plead actual damages under the Privacy Act. *Biden v. U. S. Internal Revenue Serv.*, 752 F. Supp. 3d 97, 111-12 (D.D.C. 2024), *appeal dismissed*, No. 24-5246, 2025 U.S. App. LEXIS 13718 (D.C. Cir. June 4, 2025). *See also* Fed. R. Civ. P. 9(g) ("If an item of special damage is claimed, it must be specifically stated.").  It is thus incumbent upon Plaintiff to allege "a specific, calculable damages figure to establish a Privacy Act claim." *Goziker v. U.S. Dep't of Justice*, Civil Action No. 24-619 (LLA), 2025 U.S. Dist. LEXIS 150401, at *17 (D.D.C. Aug. 5, 2025).

Here, Plaintiff fails to plead actual damages. Count I contains *no* allegation of actual damages, much less the requisite specific, calculable damages figure.  Dkt. 1 ¶¶ 15-20.  Count II generally alleges that Plaintiff suffered "adverse and harmful effects, including, but not limited to, lost or jeopardized present or future financial opportunities." Dkt. 1 ¶ 26. The courts in this District have found virtually identical allegations to be vague and conclusory and insufficient to plead

actual damages. *See*, *e.g.*, *Biden*, 752 F. Supp. 3d at 112 (dismissing claim where plaintiff asserted loss of "'present and future financial opportunities'"); *Glass v. U.S. Dep't of Justice*, 279 F. Supp. 3d 279, 280 (D.D.C. 2017) (dismissing claim where plaintiff alleged, *inter alia*, "'missed . . . financial opportunities'"); *Goziker*, 2025 U.S. Dist. LEXIS 150401, at *17 (dismissing claim where plaintiff alleged that he "'suffered and continues to suffer substantial losses in earnings and other employment benefits'").

Simply put, the Complaint is deficient because it does not plead actual damages in the form of a specific, out of pocket, pecuniary damages figure.[3]

**Causation.**  Given Plaintiff's failure to plead actual damages, it follows that the Complaint fails to plead how the Defendants caused such damages. *See Biden*, 752 F. Supp. 3d at 112 (dismissing Privacy Act claim where the complaint fails to "contain[] any description of . . . how the IRS agents' actions caused those [alleged] damages"). Plaintiff fails to plead any "causal link" between the alleged violations and any cognizable harm. *Dick v. Holder*, 67 F. Supp. 3d 167, 182 (D.D.C. 2014) (dismissing the complaint where it "provides no allegations about the jobs for which [plaintiff] applied or about what role the [disclosure] played in any employer's decision, including whether any potential employer even knew the [disclosure] existed").

**Intentional or Willful Conduct**. "[T]he Privacy Act's 'intentional or willful' element cannot be satisfied with mere speculation." *Maydak v. United States*, 630 F.3d 166, 183 (D.C. Cir. 2010).  Nor will "labels and conclusions, and a formulaic recitation of a cause of action's elements" suffice.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 548 (2007).

---

[3] Plaintiff alleges harm to her "name" or "reputation" (Dkt. 1 ¶¶ 13, 28); however, alleged reputational harm is outside the scope of actual damages recoverable under the Privacy Act. *Biden*, 752 F. Supp. 3d at 111-12 citing *Cooper*, 566 U.S. at 295-96.

4

Plaintiff states, without factual elaboration, that Defendants' conduct was "intentional" and/or "willful." Dkt. 1 ¶¶ 20, 25. This conclusory, formulaic recital should not be credited. *Taylor v. FAA*, No. 18-cv-00035 (APM), 2019 U.S. Dist. LEXIS 134309, at *18 (D.D.C. Aug. 9, 2019) ("[D]istrict courts have not hesitated to dismiss Privacy Act claims when *facts* to support the requisite intent are found to be lacking") (emphasis added).[4]

In conclusion, in light of the points outlined above, Defendants request the opportunity to submit a motion to dismiss the Complaint.

Respectfully submitted,

Dated: November 25, 2025

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH J. SHAPIRO
Deputy Branch Director
Federal Programs Branch

/s/ *John J. Halloran, Jr.*
JOHN J. HALLORAN, JR.
D.C. Bar No. 454128
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-3398
Fax: (202) 616-8460
Email: John.J.Halloran.Jr@usdoj.gov

*Attorneys for Defendants*

---

[4] Count III seeks declaratory relief. Dkt. 1 ¶¶ 27-29. The Declaratory Judgment Act does not provide Plaintiff with a freestanding, independent cause of action. *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Plaintiff does not allege a cognizable claim under the Privacy Act and therefore has no basis upon which to seek declaratory relief. *Id.* Plaintiff also references the All Writs Act (Dkt. 1 at 1); however, Plaintiff's failure to plead "an underlying cause of action" under the Privacy Act forecloses relief under the All Writs Act. *Manning v. Garland*, Civil Action No. 20-664 (TJK), 2021 U.S. Dist. LEXIS 61995, at *9 (D.D.C. Mar. 31, 2021).

**CERTIFICATE OF SERVICE**

On November 25, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the Court.

                                                */s/ John J. Halloran, Jr.*
                                                JOHN J. HALLORAN, JR.
                                                Trial Attorney
                                                United States Department of Justice