IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLY PAZ,<br><br>*Plaintiff*,<br><br>v.<br><br>INTERNAL REVENUE SERVICE, <u>et al.</u>,<br><br>*Defendants*. | Civil Action No. 1:25-cv-3256 (AHA) |

### **PRE-MOTION STATEMENT OF DEFENDANTS**

This Pre-Motion Statement is respectfully submitted in support of Defendants' anticipated motion seeking full dismissal of the First Amended Complaint (Dkt. 11) under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

### **BACKGROUND**

As alleged, Plaintiff Holly Paz is an employee of defendant Internal Revenue Service ("IRS") who was placed on paid administrative leave on July 29, 2025. Dkt. 11 ¶ 6. On September 2, 2025, the IRS issued a Notice of Proposed Adverse Action proposing removal from federal service. Dkt. 11 ¶ 7. Plaintiff alleges that unidentified "officials employed by the Defendants" disclosed information concerning her employment status to three media outlets. Dkt. 11 at 1.

*First*, on July 29, 2025, *Bloomberg Tax* reported that Plaintiff and a colleague were "'put on leave'" and "'that the leave doesn't mean they are fired.'" Dkt. 11 ¶ 13. The complaint does not disclose whether Plaintiff sought any correction of this article.

*Second*, on September 9, 2025, *FoxNews.com* "falsely state[d]" that Plaintiff was "'fired following an internal review.'" Dkt. 11 ¶ 9. *FoxNews.com* corrected its report. Dkt. 11 ¶ 11.

*Third*, on September 9, 2025, the *Washington Examiner* reported: "'IRS aide Holly Paz fired after review of her targeting conservative organizations.'" Dkt. 11 ¶ 10. The *Washington Examiner* corrected its report. Dkt. 11 ¶ 11.

Count I seeks damages and alleges that Defendants violated 5 U.S.C. § 552a(b) by disclosure of information concerning Plaintiff's "administrative leave and proposed termination." Dkt. 11 ¶ 19. Count II seeks damages and alleges that Defendants violated 5 U.S.C. § 552a(e)(6) by failing to make reasonable efforts to assure that unspecified "records" were "accurate, complete, timely, and relevant." Dkt. 11 ¶ 27. Count III seeks declaratory relief. Dkt. 11 ¶ 32.

## BASIS FOR THE ANTICIPATED MOTION

Under the Privacy Act, a plaintiff seeking monetary damages must allege, *inter alia*, that the individual sustained (1) "actual damages" (2) "as a result of the refusal or failure" of the agency (3) where the agency "acted in a manner which was intentional or willful." 5 U.S.C. § 552a(g)(4)(A). Plaintiff has not adequately alleged these elements.

**Actual Damages**. The term "'actual damages' [is] limited to proven pecuniary or economic harm." *FAA v. Cooper*, 566 U.S. 284, 299 (2012). Under the Privacy Act, the federal government's sovereign immunity is waived only for "special damages for proven pecuniary loss." *Cooper*, 566 U.S. at 298. Because "actual damages" are "special damages," "vague and conclusory" allegations of harm are insufficient to plead actual damages under the Privacy Act. *Biden v. U. S. Internal Revenue Serv.*, 752 F. Supp. 3d 97, 111-12 (D.D.C. 2024), *appeal dismissed*, 2025 U.S. App. LEXIS 13718 (D.C. Cir. 2025).

"Federal Rule of Civil Procedure 9(g) requires that special damages be specifically stated, i.e., the plaintiff must allege actual damages with particularity and specify facts showing that such special damages were the natural and direct result of the defendant's conduct []." *Browning v.*

2

*Clinton*, 292 F.3d 235, 245 (D.C. Cir. 2002) (internal quotation marks and citations omitted). The First Amended Complaint does not satisfy these heightened pleading standards.

1. Plaintiff fashions claims for parking charges ($46.00), and Tylenol and Prilosec ($39.48). Dkt. 11 ¶¶ 16-17. But these expenditures are incidental to injuries that are disallowed under the Privacy Act. A plaintiff may not "manufacture the injury necessary to maintain a suit []." *Spann v. Colonial Vill., Inc.*, 899 F.2d 24, 27 (D.C. Cir. 1990). The newly-alleged expenses are not injuries "with a nexus to the substantive character of the [Privacy Act]." *Diamond v. Charles*, 476 U.S. 54, 70 (1986).

2. Plaintiff alleges that Defendants' conduct caused "adverse health impacts," "stress," and "pain and discomfort." Dkt. 11 ¶ 16. To the extent this is a claim for emotional distress, the Privacy Act does not allow damages for emotional distress. *Cooper*, 566 U.S. at 304.[1]

3. Plaintiff alleges "lost or jeopardized present or future financial opportunities." Dkt. 11 ¶¶ 30, 33. Such allegations are insufficient to plead actual damages. *See*, *e.g.*, *Biden*, 752 F. Supp. 3d at 112 (dismissing claim for loss of "'present and future financial opportunities'").

---

[1] In the pre-*Cooper* era, some courts appeared willing to allow damages under the Privacy Act for emotional distress accompanied by medical conditions of a severe nature. *See*, *e.g.*, *Doe v. Chao*, 306 F.3d 170, 180 (4th Cir. 2002) ("Where . . . a plaintiff can produce evidence that emotional distress caused chest pains and heart palpitations, leading to medical and psychological treatment which included a formal diagnosis of 'major depressive disorder,' as well as necessitated prescription medication, it is clear that some amount of compensatory damages for emotional distress is warranted."), *aff'd on other grounds*, 540 U.S. 614 (2004); *Rice v. United States*, 245 F.R.D. 3, 7 (D.D.C. 2007) ("Even in those courts holding that non-pecuniary emotional distress could qualify as actual damages, a level of severity beyond that which plaintiffs have shown here has been required."). Plaintiff's claim that Defendants' alleged conduct caused her "pain and discomfort" which required Tylenol and Prilosec (Dkt. 11 ¶ 16) would not rise to the level of severity necessary to sustain a claim for monetary damages, even under pre-*Cooper* case law.

4. Plaintiff alleges harm to her "name" or "reputation" (Dkt. 11 ¶¶ 13, 32); however, alleged reputational harm is outside the scope of actual damages recoverable under the Privacy Act. *Biden*, 752 F. Supp. 3d at 111-12 citing *Cooper*, 566 U.S. at 295-96.

5. Plaintiff claims she "had several job interviews with law or accounting firms that, upon information and belief, resulted in her not obtaining the job directly, in whole or in part, because of the unlawful actions by Defendants" which, in turn, caused her to incur "46.00 for parking charges." Dkt. 11 ¶ 17. These "vague and conclusory" allegations of harm are insufficient to plead actual damages under the Privacy Act. *Biden*, 752 F. Supp. 3d at 111-12 (D.D.C. 2024). "The complaint provides no allegations about the jobs for which [plaintiff] applied." *Dick v. Holder*, 67 F. Supp. 3d 167, 182 (D.D.C. 2014).

6. Plaintiff fails to allege any injury arising from inaccurate records. Dkt. 11 ¶ 27. No inaccurate record is identified. Plaintiff does not allege that she pursued administrative access to and amendment of her records. Plaintiff does not point to any adverse personnel action connected to an inaccurate record. No cognizable injury is alleged under Count II.

**Causation.** Plaintiff fails to plead any "causal link" between the alleged violations and any cognizable harm. *Dick*, 67 F. Supp. 3d at 182. Plaintiff opines that she "had several job interviews with law or accounting firms that, upon information and belief, resulted in her not obtaining the job directly, in whole or in part, because of the unlawful actions by Defendants." Dkt. 11 ¶ 17. But Plaintiff does not specify the "role the [disclosures] played in any employer's decision" or that "any potential employer even knew the [disclosures] existed." *Dick*, 67 F. Supp. 3d at 182. Plaintiff's "entirely conclusory opinion, without any factual support, does not state a legal claim." *Nwosu v. Yale Univ.*, 2024 U.S. Dist. LEXIS 200719, *14 (D.D.C. 2024).

**Intentional or Willful Conduct**. Plaintiff alleges that "[u]pon information and belief," Defendants' conduct was "intentional and willful." Dkt. 11 ¶¶ 15, 24, 29. This conclusory, formulaic recital should not be credited. *Taylor v. FAA*, 2019 U.S. Dist. LEXIS 134309, *18 (D.D.C. 2019) (Privacy Act claims dismissed "when facts to support the requisite intent are found to be lacking"); *Eljalabi v. Blinken*, 2022 U.S. Dist. LEXIS 125055, *11 (D.D.C. 2022) ("information and belief" allegations not credited).[2]

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: December 22, 2025 | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division |
|  | ELIZABETH J. SHAPIRO<br>Deputy Branch Director<br>Federal Programs Branch |
|  | /s/ *John J. Halloran, Jr.*<br>JOHN J. HALLORAN, JR.<br>D.C. Bar No. 454128<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W.<br>Washington, DC 20005<br>Tel: (202) 598-3398<br>Fax: (202) 616-8460<br>Email: John.J.Halloran.Jr@usdoj.gov |
|  | *Attorneys for Defendants* |

---

[2] Count III seeks declaratory relief. Dkt. 11 ¶¶ 32-33. The Declaratory Judgment Act does not provide Plaintiff with a freestanding, independent cause of action. *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011). Plaintiff does not allege a cognizable claim under the Privacy Act and therefore has no basis upon which to seek declaratory relief. *Id.* Plaintiff also references the All Writs Act (Dkt. 11 at 1); however, Plaintiff's failure to plead "an underlying cause of action" under the Privacy Act forecloses relief under the All Writs Act. *Manning v. Garland*, Civil Action No. 20-664 (TJK), 2021 U.S. Dist. LEXIS 61995, at *9 (D.D.C. Mar. 31, 2021).

## CERTIFICATE OF SERVICE

On December 22, 2025, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the Court.

                                              */s/ John J. Halloran, Jr.*
                                              JOHN J. HALLORAN, JR.
                                              Trial Attorney
                                              United States Department of Justice