UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOLLY PAZ | * |
| Plaintiff, | * |
| v. | * Civil Action No: 25-3256 (AHA) |
| INTERNAL REVENUE SERVICE et al. | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSE TO PRE-MOTION STATEMENT OF DEFENDANTS**

Plaintiff Holly Paz ("Ms. Paz") submits this Response to the Pre-Motion Statement of Defendants Internal Revenue Service ("IRS") and Department of Treasury (collectively "Defendants"), Dkt. 13 (filed December 22, 2025)("Defs' Statement"), which seeks permission to file a Motion to Dismiss her First Amended Complaint ("FAC"), Dkt. 11, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Based on the arguments below, the Court should respectfully decline to permit Defendants to file a Motion to Dismiss and, instead, allow Ms. Paz to commence discovery.

**Factual Background**

Ms. Paz has been a dedicated public servant for Defendant IRS for over eighteen years, including over eight as a member of the Senior Executive Service. FAC at ¶3. On or about July 28, 2025, for no reason, she was placed on paid administrative leave, and on September 2, 2025, she was issued a Notice of Proposed Adverse Action ("Proposal") to remove her from federal service. Id. at ¶¶6-7.

Despite this being an internal personnel issue, news outlets unlawfully received information that she was placed on leave and then about the Proposal. Id. at ¶¶9-11, 13. At least two media reports originally falsely stated that Ms. Paz had been fired. Id. at ¶¶9, 11-13. The information in

the media reports was obtained and disseminated from Systems of Records maintained and controlled by the Defendants. Id. at ¶¶14-15. These unlawful actions have caused adverse effects for Ms. Paz, including, but not limited to, out-of-pocket expenses and lost job opportunities. Id. at ¶¶16-17.

### Discussion[1]

### I.  MS. PAZ HAS SUFFICIENTLY ALLEGED FACTS SHOWING PECUNIARY AND ECONOMIC LOSSES SUFFERED AS A RESULT OF DEFENDANTS' VIOLATIONS

The Defendants contend that Ms. Paz has not sufficiently pled her damages. Defs' Statement at 2-3. Given requirements outlined by the Supreme Court, FAA v. Cooper, 566 U.S. 284, 299 (2012), plaintiffs seeking damages under the Privacy Act must specifically allege they have suffered calculable damages. See Biden v. IRS, 752 F. Supp. 3d 97, 111 (D.D.C. 2024), citing Welborn v. IRS, 218 F. Supp. 3d 64, 82 (D.D.C. 2016). Ms. Paz has met that standard.

First, Ms. Paz has properly pled out-of-pocket expenses that were incurred due to the Privacy Act violations, namely the medication she has had to take and the costs of parking at job interviews. FAC at ¶¶16-17. The Defendants dismiss these damage amounts as incidental injuries, Def's Statement at 3, but their citations miss the point. The damages sought are not for expenses such as bringing this lawsuit itself, Spann v. Colonial Village, Inc., 900 F.2d 24, 27 (D.C. Cir. 1990), or based on fee awards for successful prosecution of the case distinct from that

---

[1] The Parties agree on the basic legal framework for a motion to dismiss under Rule 12(b)(6), namely that it shall only be granted if it appears beyond doubt that a plaintiff will be unable to prove any set of facts that support her claim entitling relief. See Tabb v. District of Columbia, 477 F. Supp. 2d 185, 188 (D.D.C. 2007), citing Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). Furthermore, although the Defendants cite to Rule 12(b)(1) as an additional basis to dismiss the FAC, the Defendants' Statement makes a perfunctory argument in a single footnote. See Defs' Statement at 5 n.2.

which is statutorily required, Diamond v. Charles, 476 U.S. 54, 70-71 (1986). Nor is Ms. Paz seeking general damages for emotional distress, in and of itself. See Doe v. Chao, 306 F.3d 170, 180 (4th Cir. 2002). To the contrary, she has pled particular, actual expenses she incurred as a result of the Defendants' unlawful actions, namely specific costs she expended for medical care and from seeking new employment. See Hill v. Dep't of Defense, 70 F. Supp. 3d 17, 21-22 (D.D.C. 2014)("Direct out-of-pocket expenses, such as payment for medical services, are the very definition of pecuniary losses."). There are no cases – and Defendants have failed to identify one – that sets a minimum threshold amount as to what level of expenses must have been incurred. All that is required is that an expense be incurred and properly pled, which Ms. Paz has done.

Second, the Defendants contend that Ms. Paz failed to sufficiently plead damages tied to lost opportunities. Defs' Statement at 3. The Defendants, however, misread the Biden analysis, where the plaintiff tried to supplement through his opposition filings generic allegations in the Complaint with non-specific claims concerning lost opportunities. See id., 752 F. Supp. 3d at 112; see also Dick v. Holder, 67 F. Supp. 3d 167, 182 (D.D.C. 2014)(rejecting non-specific allegation of losing "all outside employment opportunities" without reference to specific job opportunity). In contrast, Ms. Paz specifically pled facts noting job opportunities that were lost. FAC at ¶17. These are the very type of facts showing that the damages were the "natural and direct result" of the Defendant's unlawful conduct. See Biden, 752 F. Supp. 3d at 112, citing Browning v. Clinton, 292 F.3d 235, 245 (D.C. Cir. 2002).[2]

---

[2] The Defendants exaggerate the scope of the Holder ruling, suggesting that it requires at this preliminary stage identification of the specific jobs that were lost due to the agency conduct. See Defs' Statement at 4. The Holder ruling reached no such conclusion.

Finally, the Defendants assert Ms. Paz did not allege any injury from inaccurate records. Defs' Statement at 4. Ms. Paz, however, sufficiently described all that is necessary at this stage. Her name, role at IRS and details of a pending personnel action against her (the context and details of which contained factual inaccuracies) were disseminated without authorization to media outlets. FAC at ¶¶9-13. This information is stored in personnel files maintained and controlled by the Defendants, and that is all that is necessary to overcome a Rule 12(b)(6) motion. See Majid v. FBI, 245 F. Supp. 3d 63, 71 (D.D.C. 2017); see also Johnson v. HHS Ctrs., 2024 U.S. Dist. LEXIS 167966, *11 (D.D.C. Sept. 18, 2024)("[C]ommunications between CMS and the Insurance Companies themselves suggest that a 'system of records' is in play.").

## II. MS. PAZ HAS SUFFICIENTLY PLEAD THE REMAINING ELEMENTS

Defendants' remaining arguments similarly fail. Ms. Paz has more than sufficiently pled facts demonstrating that information contained within one or more of her System of Records were unlawfully disseminated to media outlets and that publication was a proximate cause of the damages Ms. Paz incurred. FAC at ¶¶9-13, 16-17; cf. AFGE v. OPM, 928 F.3d 42, 67 (D.C. Cir. 2019)(finding allegations sufficiently demonstrated injuries were proximate cause of conduct which violated Privacy Act). Holder says nothing to the contrary. There the plaintiff's own allegations demonstrated that the information was retrieved from outside any Systems of Records and not the proximate cause of the injuries. See Holder, 67 F. Supp. 3d at 182.

Similarly, Ms. Paz has more than sufficiently alleged for purposes of overcoming a Rule 12(b)(6) motion that the Defendants' unlawful actions were intentional and willful. Ms. Paz is required to allege conduct "somewhat greater than gross negligence", White v. OPM, 840 F.2d 85, 88 (D.C. Cir. 1988), and she did so by noting that the information is contained in one or more Systems of Record, that official(s) who obtained and disseminated the information had been

trained on Privacy Act requirements, and that they knew or should have known that dissemination would be unlawful. FAC at ¶¶14-15. This was not an issue of mere mistake, see Taylor v. FAA, 2019 U.S. Dist. LEXIS 134309, *16 (D.D.C. Aug. 9, 2019), or inadvertent negligence, Phillips v. NRC, 2025 U.S. Dist. LEXIS 61004, *20 (D.D.C. Mar. 31, 2025).[3] In fact, Ms. Paz alleged malicious motivations to support her claims. FAC at ¶15. Given her allegations are assumed to be true and construed in her favor, Defendants cannot prevail at this time.

**Proposed Times for Pre-Motion Conference and Joint Proposed Briefing Schedule**

In accordance with this Court's October 3, 2025, Minute Order, the Parties have conferred and propose the following times for a Zoom conference: January 14, 2026 (2-3 pm) & January 15, 21 or 22, 2026 (2-4 pm). If Defendants are permitted to file a Motion to Dismiss, the Parties agree to the following:  opening brief filed within 20 days of Pre-Hearing Conference; 30 days for Plaintiff to file her Opposition; and 7 days for Defendants to file their Reply.

Date:   January 5, 2026

                                      Respectfully submitted,

                                        s/Mark S. Zaid

Mark S. Zaid, Esq. (D.C. Bar #440532)
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700 – PMB 5287
Washington, D.C. 20036
(202) 498-0011
Mark@MarkZaid.com

Attorneys for Plaintiff

---

[3] The Defendants' focus on the "information and belief" verbiage, see Defs' Statement at 5, is a red herring. The allegations pled by Ms. Paz are supported by facts specific to her situation. In contrast, in Eljalabi v. Blinken, 2022 U.S. Dist. LEXIS 125055, *10-*11 (D.D.C. Jul. 14, 2022), the factual allegations lacked any similarly specific application and were overly vague.